173 So. 96

## CAMPBELL v. STATE.
### 8 Div. 494.

Court of Appeals of Alabama.
March 2, 1937.

390

S. A. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged appellant with the offense of murder in the second degree. Specifically, that he unlawfully and with malice aforethought killed W. E. Bramlett by cutting him with a knife, but without premeditation or deliberation. In the second count he was charged similarly by cutting him with a sharp instrument, the further description of which is to the grand jury unknown. The indictment was returned into open court, as the law requires, on the 21st day of February, 1936, and the trial was had on June 16, 1936, resulting in the conviction of defendant of the offense of manslaughter in the first degree, his punishment being fixed by the jury at ten years' imprisonment in the penitentiary, to which term of imprisonment he was duly sentenced. From the judgment of conviction this appeal was taken.

The record is voluminous, a large number of witnesses having been examined upon the trial.

The evidence disclosed without dispute that Bramlett, the deceased named in the indictment, was killed by having had his throat cut during a fight on the day and at the place designated; that he died immediately as a result of said wound. There were several witnesses whose testimony tended to show that this appellant inflicted the death blow; two or three of such witnesses testified directly to the fact that they saw this appellant cut Bramlett's throat, and, as stated, that he died upon the spot. The defendant denied that he was the man who killed Bramlett, but admitted he was present at the time he was killed. He offered some testimony which tended to corroborate him. The testimony was therefore in conflict and was for the jury to decide.

The question of the sufficiency of the evidence to sustain the judgment of conviction is not presented on this appeal. The affirmative charge was not requested, but, had it been, the court was without authority to direct a verdict.

The purported motion for a new trial is not presented for the consideration of this court, as no mention thereof appears in the bill of exceptions and no ruling of the court in this connection is shown. As has been many times held, and as the mandatory provisions of the statute (section 6088, Code 1923) requires, in order to present for review the action of the trial court on motions for a new trial, it is not necessary that the motion for new trial and the judgment of the court thereon shall be set out in the bill of exceptions; but under the statute, supra, it is mandatory that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling of the court thereon, and an exception thereto. As stated, no effort to this end appears in the bill of exceptions; hence this question is not presented for review.

The oral charge of the court in this case was full and explicit and properly stated every phase of the law. Numerous special written charges were "given" by the court. No refused charges appear in the record.

In consequence of the foregoing, no question is presented for the consideration of this court on this appeal except the regularity of the proceedings in the court below as shown by the record. We have carefully examined this record, and, as no error is apparent thereon, the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.